**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAMLET PETROSYAN, | No. 19-71433 |
| Petitioner, | Agency No. A070-390-792 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020[**]
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and GORDON,[***] District Judge.

Hamlet Petrosyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' (BIA) order dismissing his appeal from an

immigration judge's (IJ) decision denying his application for asylum, withholding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252. "We review factual findings, including adverse credibility [findings], under the deferential substantial evidence standard[,]" and reverse only when the evidence compels a contrary conclusion. *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). "For applications filed after May 11, 2005, such as [Petrosyan's], the credibility standards set forth in the REAL ID Act apply." *Id.* We deny the petition.

Substantial evidence supports the BIA's adverse credibility determination based on Petrosyan's vague testimony about his past criminal history and inconsistent testimony about whether he was physically harmed by his coworkers and how his coworkers learned of his HIV status. The BIA found Petrosyan's explanation that his medication impacted his memory to be insufficient and unpersuasive, noting that Petrosyan presented no evidence to the IJ or on appeal to support his explanation. And the BIA rejected Petrosyan's arguments about interpreter issues because Petrosyan allowed the interview transcript to be admitted into evidence and failed to identify what material information the interpreter incorrectly translated. In the absence of credible testimony, Petrosyan's asylum

/ / / /

---

[1] Petrosyan does not seek review of the BIA's decision affirming the denial of his CAT claim.

and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We deny Petrosyan's Motion for Stay of Removal, Dkt. 5, as moot.

**PETITION FOR REVIEW DENIED.**